MILLER'S INC., a New Jersey corporation, complainant-respondent,

*v.*

JOURNEYMAN TAILORS UNION LOCAL No. 195 OF THE AMALGAMATED CLOTHING WORKERS OF AMERICA, and ANTHONY MAGNAPERA, defendants-appellants.

[Argued May 29th, 1940. Decided October 10th, 1940.]

*Mr. David H. Stemer,* for the complainant-respondent.

*Messrs. Isserman, Isserman & Kapelsohn (Mr. Sol D. Kapelsohn,* of counsel), for the defendants-appellants.

PER CURIAM.

The complainant conducts a small tailoring business. Other than its officers, it employs one tailor regularly. It entered into a contract with the defendant labor union not to employ any but members of that union and also fixing wages and hours of work. That contract expired on October 30th, 1939. The complainant employed the defendant Magnapera, a member of that union. The contract was not renewed but a contract was made between complainant and another labor union effective from November 1st, 1939. Under its terms complainant agreed not to employ any one not a member of that union. Defendant Magnapera not being a member of that union was discharged from his employment on October 30th, 1939, and a new employe was hired to take his place from November 1st, 1939, who was a member of the new contracting union. Defendant Magnapera, assisted by other members of his union, thereupon picketed the complainant's place of business. They carried signs to the effect that there was a strike and that employes had been locked out.

The prayer of the bill was to enjoin the picketing. Vice-Chancellor Fielder, to whom the case was referred, decided that there were no grievances which had a legal basis and that therefore no real dispute existed, that a nuisance existed which affected complainant's private rights and advised that the picketing be enjoined.

We are in accord with the conclusions of the vice-chancellor.

We find no merit in the arguments advanced by appellants as grounds for reversal. One of the grounds urged is that the court below erred in its rulings on the admissibility of evidence. The evidence offered by the appellant and excluded was for the purpose of showing the circumstances of the negotiations for the renewal of the appellant's contract; the motives which actuated the picketing and the absence of malice; and that the respondent was in court with unclean hands. Suffice it to say that we find that the rulings did not prejudice the rights of appellant and did not constitute reversible error.

Another ground urged for reversal is that the injunction is in violation of appellant's constitutional right of free speech.

Among the cases cited in support of that contention are two recent decisions of the United States Supreme Court. *Thornhill* v. *Alabama, 310 U. S. 88; 60 S. Ct. 736,* and *Carlson* v. *California, 310 U. S. 106; 60 S. Ct. 746.* In the *Thornhill Case* a conviction was reversed under an Alabama statute which prohibited picketing. In the *Carlson Case* a conviction was reversed under an ordinance of a county in California which made all picketing unlawful. These decisions were based on the theory that in *labor disputes* the dissemination of information concerning same comes within the area of free discussion that is guaranteed by the constitution. In other words when there is a labor dispute picketing is lawful and to prohibit same is an abridgment of the right of free speech. There being no labor dispute in the instant case the picketing was unlawful and the cases cited are not in point.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—PERSKIE, J. 1.